LOTTINGER, Judge.
This is a suit wherein plaintiff seeks to be recognized as the lawful father of Estell Gayles Miles, deceased, and, as such, to be placed in possession of an undivided one-eighth interest in certain immovable property situated in the City of Baton Rouge, Louisiana. The plaintiff’s petition contained other demands but after one of the defendants filed an exception of improper cumulation of actions, it was ruled that the plaintiff’s claim to the real estate would be tried first and evidence was restricted to that issue. The Lower Court rejected the plaintiff’s demands and he has appealed.
The sole question presented by the appeal is whether or not the plaintiff, Richard Gayles, is the father of the decedent Estell Miles. The Trial Judge resolved the question as follows:
“Evidence was taken in this matter on March 21, 1962, and, since it at that time appeared insufficient to justify a judgment in plaintiff’s favor, the court of its own motion held the case open for the introduction of additional evidence. Plaintiff was granted more than *474 30 days to produce additional evidence, but failed to do so.
“The testimony as to the allegations that plaintiff Richard Gayles is the father of decedent Estell Miles came from plaintiff alone and, in the opinion of this court, it falls short of supporting a judgment in plaintiff’s favor. It will be noted in the transcript of testimony that on three or four occasions when plaintiff sought to evade a question he said, T didn’t come up here for that.’ Plaintiff testified that Estell Miles was the issue of his marriage to Azaline Hughes, and introduced in evidence exhibit P-1 showing the marriage of Jonas Gayle and Azaline Hughes on February 24, 1909. At the beginning of his testimony when asked his name, he testified that he had been known by two different names, that is, as Jonas Gayle and as Richard Gayles, or Richard Day Gayles. His testimony on that point is far from convincing, and I am far from being satisified that the plaintiff is the same person who married Azaline Hughes on February 24, 1909.
“Plaintiff had urged that Dudley Miles recognized Richard Gayles as the father of his deceased wife, for the reason that he signed her death certificate, listing Richard Gayles as her father. A casual examination of the signature on this death certificate with the admittedly genuine signature of Dudley Miles on the deed from him and his co-owner to Capital Building and Loan Association shows clearly that he did not sign the death certificate. Moreover, the surname on the death certificate is spelled ‘Myles’ rather than ‘Miles’.
“Considering the evidence as a whole, and particularly the matters just mentioned, I am of the opinion that the evidence here introduced is not sufficient to justify this Court in rendering a judgment in favor of the plaintiff.”
The question presented is purely a factual' one involving credibility which was resolved adversely to plaintiff by the Trial Judge. We are unable to see where he was in error in so holding.
Judgment affirmed.